28281. A. B. W. v. STATE OF GEORGIA.

GUNTER, Justice. This case involves the statutory construction of the Juvenile Court Code of Georgia, Title 24A. This court granted

a writ of certiorari to the Court of Appeals of Georgia.

Appellant, a juvenile, was adjudicated to be a delinquent in the juvenile court. Because of his prior conduct and prior record the juvenile court committed him to the custody of the Department of Corrections pursuant to Code Ann. § 24A-2304.

The appellant took his case to the Court of Appeals of Georgia contending primarily that, after being adjudicated a delinquent by the juvenile court, his commitment to the Department of Corrections was a denial of his constitutional rights of equal protection and due process of law.

The Court of Appeals held that the pertinent provisions of Title 24A were not unconstitutionally applied in this case, and the decision of the juvenile court was affirmed. See 129 Ga. App. 346 (199 SE2d 636).

I.

Code Ann. § 24A-2401 provides in part that "a child shall not be committed to a penal institution or other facility used primarily for the execution of sentences of persons convicted of a crime."

Code Ann. § 24A-2304 provides that "In the event a delinquent or unruly child is found not to be amenable to rehabilitation or treatment, the court may commit said child to the custody of the Department of Corrections."

It is the appellant's contention that these two provisions of Title 24A are in conflict, and that to commit a juvenile adjudicated to be a delinquent to the Department of Corrections without the benefit of a trial by jury and other constitutional safeguards is a violation of the juvenile's constitutional rights.

We do not agree with the contention of the appellant in this regard. The Georgia General Assembly said in Code Ann. § 24A-2401 that a child shall not be committed to a penal institution or other facility used primarily for the incarceration of persons convicted of crimes. In Code Ann. § 24A-2304 the Georgia General Assembly said that a child may be committed to the custody of the Department of Corrections. Reading these two provisions together we conclude that the General Assembly intended that if a child was committed to the custody of the Department of Corrections, then the child should not be placed by the Department of Corrections in a facility used primarily for the incarceration of persons convicted of crimes. So construed, these two provisions are not in conflict. The Attorney General of Georgia in Opinion 71-159, rendered September 21, 1971, has previously so construed these two provisions of Title 24A.

We hold that the General Assembly said that a juvenile may be

committed to the custody of the Department of Corrections, but the Department of Corrections must not place such juvenile in one of its institutions used primarily for the incarceration of persons convicted of crimes.

II.

The appellant further contends that by committing him to the custody of the Department of Corrections he has been treated as a convicted criminal, has not been given a jury trial, and has not been accorded other equal protection and due process rights that must be given to adults charged with a crime.

Under Title 24A a Juvenile Court cannot convict a juvenile of a crime as defined by Georgia Law. A Juvenile Court convicts a child for being delinquent, and such an adjudication is not a conviction of a crime or crimes. See Code Ann. § 24A-2401.

It is conceded that certain procedural safeguards to insure fundamental fairness in all juvenile proceedings are required pursuant to In re Gault, 387 U. S. 1 (87 SC 1428, 18 LE2d 527) and In re Winship, 397 U. S. 358 (90 SC 1068, 25 LE2d 368). However, in McKeiver v. Pennsylvania, 403 U. S. 528 (91 SC 1976, 29 LE2d 647), the Supreme Court of the United States stopped short of converting juvenile adjudications into criminal adjudications. That court stated (p. 547): "The imposition of the jury trial on the juvenile court system would not strengthen greatly, if at all, the fact-finding function, and would, contrarily, provide an attrition of the juvenile court's assumed ability to function in a unique manner. It would not remove the defects of the system. Meager as has been the hoped-for advance in the juvenile field, the alternative would be regressive, would lose what has been gained, and would tend once again to place the juvenile squarely in the routine of the criminal process."

Under our Georgia statutes an adjudication by a Juvenile Court that a child is a delinquent means that he is subject to treatment and hoped-for rehabilitation. When Code Ann. § 24A-2304 says that a child adjudicated a delinquent is found by the Juvenile Court "not to be amenable to rehabilitation or treatment," this language means that the child is found not to be amenable to rehabilitation or treatment in a facility operated under direction of the court or other public local authority and not amenable to rehabilitation or treatment in a facility operated by the Division of Children and Youth. After such a finding the child may be committed to the custody of the Department of Corrections for rehabilitation or treatment in a facility having greater security and protection measures than those facilities

referred to in Code Ann. § 24A-2302 (c, d). In short, commitment to the Department of Corrections under Code Ann. § 24A-2304 is still for rehabilitation or treatment, such rehabilitation or treatment merely taking place in a facility that provides superior security and protection.

In any event, the commitment of a juvenile to any authorized facility is not commitment for conviction of a crime. Such commitment is only for rehabilitation or treatment and is subject to the limitations and conditions contained in Code Ann. § 24A-2701.

We hold that Code Ann. § 24A-2304 has not been unconstitutionally applied in this case.

### III.

The record in this case clearly shows the former conduct and former delinquency of the appellant. Since we have held that the commitment of a delinquent child under Title 24A to a facility operated under the direction of the Juvenile Court, or to another local public authority, or to the Division of Children and Youth, or to the Department of Corrections is for essentially the same purpose, rehabilitation or treatment, we further hold that the facility to which such a child shall be committed is left to the sound discretion of the judge of the Juvenile Court. And unless there is an abuse of that discretion, the facility to which a delinquent child is committed will not be changed on appeal by an appellate court.

We find that the juvenile court judge did not abuse his discretion in this case.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

Argued November 14, 1973 — Decided February 6, 1974 — Rehearing denied February 18, 1974.

*James C. Carr, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joseph J. Drolet,* for appellee.

*Barry B. McGough, Lucy S. Henritze, J. D. Humphries, III, Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Dorothy Y. Kirkley, Assistant Attorneys General,* amicus curiae.

Ingram, Justice, dissenting. I find no fault with the constitutional salvage of Code Ann. § 24A-2304 achieved by the court's opinion in this case. I reach this conclusion because the

majority opinion concludes a child cannot be placed in a penal institution but can be placed in a secure facility of the Department of Corrections designed to rehabilitate rather than to punish juveniles. Otherwise, it seems to me that Code Ann. § 24A-2304 clearly would be unconstitutional in the framework of the Juvenile Code.

The chief concern which motivates me to write this dissent is that the record reveals this child was transferred to the Department of Corrections solely upon a finding by the juvenile court that the child breached his juvenile court probation by the commission of other crimes. No evidence was considered as to the specific treatment needed by the child and whether such treatment was unavailable within the Department of Human Resources.

I interpret Code Ann. § 24A-2304, in pari materia with the other sections of the Juvenile Code, to require a bifurcated hearing procedure which was not afforded to this child. The first phase of the court's inquiry is that of adjudication, in this case to wit: did this child break his probation by committing the offenses charged against him? If the court makes an affirmative finding at this stage, the next phase required is a dispositional inquiry. This requires findings of fact relating to the physical and mental condition of the child and the availability or unavailability of resources within the Department of Human Resources to rehabilitate the child. See Code Ann. §§ 24A-2201, 24A-2301.

It is a serious step to cast a child out of the facilities provided through the juvenile court system and the Department of Human Resources into the area of penal responsibility assigned to the Department of Corrections. Sometimes it has to be done and perhaps it would have been done in this case even if additional factors had been considered, but it is not just this case with which I am concerned. I believe the General Assembly intended more than was considered in transferring this child to the Department of Corrections. A condition precedent to such a transfer would be that the state show the Department of Human Resources has no facility or program adequate to rehabilitate the child. Any less showing would, I believe, violate the spirit and intent of the Juvenile Code and imperil the philosophy and concern which prompted its passage.

One additional concern brought to our attention in this case is that the brief filed by the Attorney General confirms that, at the present time, the Georgia Department of Corrections does not have facilities available which can be used for juveniles. Until such an

institution is established in Georgia, I fail to see how the judgment of the trial court can be carried out even though affirmed by this court.

I would remand this case for further consideration by the trial court on the disposition of the child.