## 30481. ALLEN v. RICKETTS.

INGRAM, Justice.

This habeas corpus appeal from Butts Superior Court raises due process issues growing out of appellant's transfer, without a hearing, from the state's juvenile institutional system to the penal system of the state. The issues here are similar but not identical to those encountered in *Carrindine v. Ricketts,* 236 Ga. 283, a companion case decided on this date. Unlike Carrindine, this appellant, after pleading guilty in Fulton Superior Court on February 8, 1973, to robbery by intimidation, aggravated assault and two related misdemeanor offenses, was not given a criminal sentence but was

committed instead as a juvenile delinquent to the Division of Family and Children Services of the Department of Human Resources under Code Ann. § 99-213. Appellant was 16 years of age at the time of his commitment and was represented by counsel.

When appellant became 17 years old, the Youth Development Center officials informed the trial court they could no longer retain custody of appellant and requested the court to deal with him under Code Ann. § 99-209 (a) (5). See *Carrindine,* supra. Thereafter, in December, 1974, the original trial court, without notice or hearing, and in the absence of appellant and his counsel, sentenced appellant indefinitely to the custody of the Youthful Offender Division of the State Board of Corrections under the provisions of the Georgia Youthful Offender Act of 1972 (Ga. L. 1972, p. 592) until released therefrom as provided by law. Appellant, through counsel, then initiated this present habeas corpus proceeding and upon his remand to custody by the habeas trial court, filed an application to appeal which this court granted when it decided to consider appeals in *Carrindine,* supra, and *Patton v. Ricketts,* 236 Ga. 293.

We held in *Carrindine v. Ricketts,* supra, that proceedings in the superior court lead to a criminal conviction and not an adjudication of delinquency. In this case, the trial court's commitment order of February 8, 1973, committed appellant to the Department of Human Resources to be dealt with under Ga. L. 1963, pp. 81, 105, Code Ann. § 99-213. We also held in *Carrindine,* supra, that Code Ann. § 99-213 is inapplicable to youthful felons as it deals only with those adjudicated to be delinquent by a juvenile court. Unless it is acting as a juvenile court under Code Ann. § 24A-201(c), the superior court cannot enter an order committing a child as a juvenile delinquent to the Division for Children and Youth as this is a civil commitment. After accepting the guilty pleas to the two felonies and two misdemeanors, the trial court should have given appellant a penal sentence which began with a commitment to the custody of the Division of Children and Youth[1] until appellant reached age 17 with provision for

---

[1]A person under age 17 who was convicted of a

appellant to transfer thereafter to the Youthful Offender Division for the remainder of his sentence.

We hold the original trial court's civil commitment order treating appellant as a juvenile delinquent was a void order. However, a valid sentence can be imposed by the trial judge at any time. See *Wade v. State,* 231 Ga. 131 (200 SE2d 271) (1973), and *Heard v. Gill,* 204 Ga. 261 (49 SE2d 656) (1948). Because appellant's sentence was indeterminate and the trial judge has the right to modify the sentence of a felon who is less than 17 years of age when convicted (see Code Ann. 99-222), we further hold that appellant has substantial rights which could be affected by resentencing. Therefore, a hearing with appellant and counsel present is required. See *Williams v. Ricketts,* 234 Ga. 716 (217 SE2d 292) (1975).

Appellant should not be discharged from custody, but should be resentenced by the trial court in accordance with this opinion. See *Heard v. Gill,* supra.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED NOVEMBER 10, 1975 — DECIDED FEBRUARY 2, 1976.

*James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.

non-capital felony in February, 1973, had to be incarcerated in the Division of Children and Youth. See Ga. L. 1972, pp. 1251, 1252. That section provided that the Division was to be the exclusive agency "[f]or the acceptance and incarceration of all misdemeanants and felons under the age of 17 years, . . . [except those convicted of capital felonies]. All other persons [those convicted of noncapital crimes] under the age of 17 years... shall be committed for an indefinite period of time to the custody of the Division for Children and Youth. . ." See Code Ann. § 99-209 (a) (5). This section was later amended by Ga. L. 1973, p. 563 (effective April 13, 1973) and Ga. L. 1974, p. 1455 (effective July 1, 1974).