## 51550. REID v. THE STATE.

QUILLIAN, Judge.

The defendant, indicted and convicted of aggravated assault, appeals to this court. *Held:*

1. Four enumerations of error complain of the statements made by the prosecuting attorney in his argument to the jury. No objections were interposed to any of these statements. " 'It has been held by this court many times that, when improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel make proper objection to it at the time made or invoke some ruling or instruction from the court respecting it, either by way of reprimanding counsel, or of instructing the jury to disregard it, or of declaring a mistrial. A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' " *Allen v. State,* 233 Ga. 200 (2) (210 SE2d 680). Accord, *McLemore v. Andrika,* 121 Ga. App. 527, 529 (2) (174 SE2d 371); *Daniels v. State,* 230 Ga. 126, 127 (195 SE2d 900). For a thorough discussion of the duties of a trial judge under Code § 81-1009, see *O'Dell v. State,* 120 Ga. 152, 154 (47 SE 577). These enumerations of error are without merit.

2. The following transpired during the cross examination of the defendant: "Q. Were you selling whiskey there in your house? A. Well, whiskey would be sold there. Q. Were you selling some? A. I don't know if I was selling that night or some — Q. You were selling — your statement now is that you don't know whether you were selling whiskey there that night or not right before this happened? A. I don't know. The Court: Well, Mr. Witness, you may if you so desire, refuse to answer that question if you think, and if you verily believe that the answer to that question under oath and in judicio, in court might be incriminating to you. The Witness: Yes, it would. The Court: And if you do feel that way, you can tell the District Attorney that you refuse to answer the question on the grounds that you feel it might incriminate you. The Witness: Well, I refuse to answer that question on the ground that it — Mr. Hayes: All right, sir. The

Court: Move on to another subject, Mr. District Attorney."
It is now contended that this constituted a forbidden
statement regarding the defendant's failure to testify
apropos of Code Ann. § 38-415 (Ga. L. 1962, pp. 133, 134;
1973, pp. 292, 294).

This ground is without merit. The trial judge was
performing his duty of protecting defendant's rights
and endeavoring to serve the interests of justice.
Furthermore, no timely objection was interposed. See
*Roberts v. State,* 231 Ga. 395 (1) (202 SE2d 43).

*Judgment affirmed. Deen, P. J., and Webb, J.,
concur.*

Submitted January 14, 1976 — Decided February 5, 1976.

*Nadler & Gold, Gary M. Nadler,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet,
Thomas W. Hayes, Assistant District Attorneys,* for
appellee.