30479. PATTON v. RICKETTS.

INGRAM, Justice.

This is the third in the series of companion habeas corpus juvenile cases[1] involving the legal status of a juvenile who was under 17 years of age when he was sentenced in the superior court and is now in the custody of the Youthful Offender Division of the Department of Offender Rehabilitation. The habeas trial court remanded appellant to custody and his application to appeal was granted by this court.

Appellant, with benefit of counsel, originally entered a guilty plea to robbery and motor vehicle theft in the Superior Court of Clarke County. As a result, he served a one-year sentence for robbery. He was released and began serving a seven-year probated sentence for the motor vehicle theft. As a result of other crimes he committed on probation, his probation was revoked after a hearing at which he was represented by counsel on December 19, 1973.

Because appellant was still under 17 years of age in December, 1973, he was sentenced to the custody of the Division for Children and Youth of the Department of Human Resources under the Children and Youth Act. See *Carrindine,* supra, and *Allen,* post. Appellant became 17 years old in May, 1974, and a month later he escaped from the Youth Development Center in Milledgeville. Appellant was finally apprehended and returned to Clarke County in January, 1975.

The Superior Court of Clarke County entered a

[1]See *Carrindine v. Ricketts,* 236 Ga. 283, and *Allen v. Ricketts,* 236 Ga. 294.

second order on January 13, 1975, sentencing appellant to serve one year in the Youthful Offender Division. As we decided in *Carrindine v. Ricketts,* supra, appellant, who is now over the age of 17, has to be incarcerated by the Youthful Offender Division. We interpret the January 13, 1975, order as a transfer order from the Youth Development Center to the Youthful Offender Division. See *Carrindine,* supra. Additionally, we interpret that part of the order which requires the appellant to serve one year in the custody of the Youthful Offender Division as a modification of the December 19, 1973, probation revocation order. Appellant must now serve one year in confinement from January 13, 1975, for his original motor vehicle theft conviction because of the sentencing judge's modification of the original probated sentence. See Code Ann. § 27-2709.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED NOVEMBER 10, 1975 — DECIDED FEBRUARY 17, 1976.

*James C. Bonner, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.