## 30969. DARABARIS v. WASHINGTON.

NICHOLS, Chief Justice.

On October 17, 1972, Terry Martin Washington was convicted in the Superior Court of Columbia County for the offenses of voluntary manslaughter and aggravated assault. He received sentences of 20 years and 10 years, respectively for these offenses, to be served consecutively. At that time Washington was 14 years of age. After Washington became 17 years of age, and at a time when he was in the custody of the Director of the Milledgeville Youth Development Center, the present petition for a writ of habeas corpus was filed in which it was contended that petitioner's sentence was void in that he should have been sentenced to the custody of the now Department of Human Resources for an indefinite period of time. The habeas corpus court ordered the prisoner remanded to the Superior Court of Columbia County for resentencing or for transfer to the Juvenile Court of Columbia County for resentencing.

In three recent opinions this court has dealt with juvenile sentences. See *Carrindine v. Ricketts,* 236 Ga. 283 (1976); *Patton v. Ricketts,* 236 Ga. 294 (1976); and *Allen v. Ricketts,* 236 Ga. 294 (1976).

This case presents a fourth situation, similar in many respects but not identical to any of the above-cited cases.

In *Allen v. Ricketts,* supra, it was said: "Unless it is acting as a juvenile court under Code Ann. § 24A-201 (c), the superior court cannot enter an order committing a child as a juvenile delinquent to the Division for Children

and Youth as this is a civil commitment. After accepting the guilty pleas to the two felonies and two misdemeanors, the trial court should have given appellant a penal sentence which began with a commitment to the custody of the Division of Children and Youth until appellant reached age 17 with provision for appellant to transfer thereafter to the Youthful Offender Division for the remainder of his sentence." In this case the trial court did impose a penal sentence but, based on the record in this court, did not direct that such penal sentence would begin with a commitment to the custody of the Division for Children and Youth until he reached age 17 at which time he should be transferred to the Youthful Offender Division of the State Board of Corrections. However, the record does disclose that he has been confined in facilities operated by the Georgia Department of Human Resources since his conviction.

Inasmuch as Washington has been in the custody of the Department of Human Resources from the time of his conviction until the present time, and should now be transferred to the Youthful Offender Division of the State Board of Corrections (an administrative transfer), the judgment of the habeas corpus court requiring that Washington be remanded to the trial court for the imposition of an indeterminate sentence must be reversed with direction that a judgment be entered requiring the trial court to enter any administrative order necessary to effectuate the transfer to the Youthful Offender Division of the Department of Corrections. Under the decision in *Carrindine,* supra, it is not necessary that Washington be present in court or represented by counsel when such administrative order is entered by the trial court.

*Judgment reversed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED APRIL 12, 1976 — DECIDED APRIL 27, 1976.

*Arthur K. Bolton, Attorney General, J. Michael Walls, Staff Assistant Attorney General,* for appellant.

*Lawrence L. Schneider, Ellen W. Leitzer,* for appellee.