58185. REED v. THE STATE.

BIRDSONG, Judge.

Zane G. Reed, following a revocation of probation hearing, had his first offender sentence for theft by deception revoked, and was sentenced by the trial court to ten years in the penitentiary, five to serve and five on probation. Reed brings this appeal enumerating two errors. The alleged errors contend the trial court did not make sufficiently specific findings of fact to satisfy concepts of due process as to the revocation or to indicate a proper consideration of the facts in regard to a denial of a post hearing bail pending appeal. *Held:*

1. In his order of revocation, the trial judge stated in pertinent part: "Whereas, pursuant to notice given to the Defendant a full Hearing was conducted by this Court on the 7th day of December, 1978, . . . and the Court has adjudged that the terms of Probation has [sic] been violated as set forth (in the following particulars: He did commit the offense of Theft by Deception on or about October 2, 1978.)" The trial court did not otherwise

particularize the facts upon which it based its decision to revoke probation. There is no question that this order particularizes the reason for the probation revocation but it is equally obvious that the trial court did not state the facts upon which it based its conclusion that a theft by deception had occurred. We are unable to find any Georgia precedent establishing what constitutes a sufficient revocation order by a court to revoke probation. However, guidance has been furnished by the Supreme Court of the United States. In Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) at p. 489 (22, 23), it was held: "[The] minimum requirements of due process . . . are . . . (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole." See Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) at p. 786; Van Blaricom v. Forscht, 473 F2d 1323, 1329 (3) (5th Cir. 1973), citing Goldberg v. Kelly, 397 U. S. 254 at p. 271 (22) (90 SC 1011, 25 LE2d 287).

We have examined the hearing conducted by the trial court into the theft by deception of October 2, 1978. There is no question that there was sufficient evidence to warrant the revocation of probation. However, we cannot ignore the requirement that the fact finder stated the evidence relied upon and the reasons for revoking parole. The state urges us to look to the order of revocation prepared by the trial court revoking the probation of appellant's co-accused in the "flim-flam" operation. While we concur that the order prepared in that case probably is sufficient, it is not the order pertaining to the appellant Reed, it does not make sufficient reference to Reed's participation and it is not a part of the appeal before this court. Accordingly, we will return this case to the trial court for reconsideration and preparation of an order properly stating the evidence relied upon and the reasons for revoking Reed's parole.

2. We do not find such deficiency in regard to the order of denial of bail pending appeal. As appellant points out: "The mandate of *Birge v. State* [238 Ga. 88 (230 SE2d 895)] . . . requires the trial court to address four questions when determining whether to allow an appeal bond: . . . (2) Is there a substantial risk the applicant will pose a danger to others or to the community? . . . An affirmative answer

to any of these questions will support denial of an appeal bond." *White v. State,* 146 Ga. App. 147 (245 SE2d 870).

In denying bail, the trial court stated: "On May 5, 1977, Mr. Reed, you were charged in a bill of indictment with theft by deception. In effect, stealing about $5000 worth of property from West Point-Pepperell by deceitful means and artful practices. The Court, at that time, placed some confidence in you and allowed you to be sentenced under the First-Offender Statute, and placed you on probation. Less than two years later, in October of this year, from the evidence I've heard, I've determined that you did the same thing, and using West Point-Pepperell — had them involved — although you bilked this other man out of about $5000, along with the same person that you were involved with on the first case. Actions speak louder than words, to me. I put confidence in you once, and from what I've seen, you didn't treat it very well. And from what I've seen you do, I would think if I let you out again, you'd quite likely be bilking other people out of property with the same sort of flim-flam operations. For that reason, I'm not going to grant bond."

Appellant was given a full hearing by the trial court and was allowed to call several favorable witnesses. We are satisfied that the trial court did give appellant a "fresh determination" on the question of continued restraint. The trial court affirmatively stated that if Reed was released there was a substantial likelihood that the community might be harmed by yet another of appellant's flim-flam operations. This constitutes the affirmative answer to one of the four questions posed in the *Birge* case, supra, and renders the denial of bail a proper exercise of the trial court's discretion. This enumeration is without merit.

3. We remand the appeal with direction that the trial court vacate the order and judgment revoking probation, and cause to issue a new order containing a written statement of the evidence relied on and the reasons for revoking parole, basing the new order upon the evidence stated, after which the losing party shall be free to enter another appeal.

*Judgment remanded with direction. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JULY 10, 1979 — DECIDED SEPTEMBER 5, 1979.

*Neil Wester,* for appellant.
*Charles A. Pannell, Jr., District Attorney,* for appellee.