*Eva L. Sloan,* for appellees.

### 58371. MOORE v. THE STATE.

BIRDSONG, Judge.

Appellant Danny Moore was given a three-year probated sentence following a conviction for possession of marijuana, on July 9, 1976. In September, 1977, following a revocation of probation hearing, Moore's probation was revoked. The court's order revoking probation states only, in significant part, "Now, on this day, at a hearing to determine whether the said Danny Moore has violated the conditions of his probation, and after hearing evidence in the matter, it appears to the Court that the said defendant has violated the conditions of his probation. It is therefore ordered that the portion of probation yet to be served be hereby revoked. . ." Moore appeals, enumerating six errors of the trial court, and requesting that the revocation be set aside. *Held:*

1. Appellant urges error in the trial court's failure to prepare a written finding of fact as to the evidence relied upon and the reasons for revoking the probation. Although Code § 27-2713, concerning probation revocation and the procedure therefor, does not require it, "a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation]" has been established as a minimum due process requirement in assuring the constitutional rights of an individual who will be condemned to suffer grievous loss by restraint of liberty. *Reed v. State,* 151 Ga. App. 226; Morrissey v. Brewer, 408 U. S. 471, 489 (92 SC 2593, 33 LE2d 484); Gagnon v. Scarpelli, 411 U. S. 778, 786 (93 SC 1756, 36 LE2d 656). The trial court's order revoking Moore's probation is insufficient to comply with the due process requirements set forth in Morrissey, supra. The state's arguments notwithstanding, the Morrissey requirement of a written finding of fact by the revoking court is inarguably clear, and it is equally clear that the revocation order below does not state the evidence relied upon or the reasons for revoking Moore's probation, and gives no hint in what manner "defendant has violated the

conditions of his probation."

2. Appellant contends he was not personally served with notice of the revocation hearing and the charges against him. Although the record includes a document which sets forth the date of the hearing and the pending charges of conduct violating the terms of probation, there is nothing to indicate appellant, or anyone, was served with it. On its face, this circumstance would appear to be objectionable, in view of the requirement set forth in Morrissey, supra, that the probationer have "written notice" of the charges against him. However, we infer from the record that appellant's attorney was served with notice of the hearing, and in fact appellant and several defense witnesses appeared as commanded in the notice. No objection to lack of notice was made by appellant or his attorney at any time. Under the circumstances, we do not find that appellant was without notice. Moreover, we conclude that this enumeration presents nothing for review inasmuch as the matter is raised for the first time on appeal. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Reid v. State,* 137 Ga. App. 495 (224 SE2d 482).

3. In the remaining enumerations of error, appellant urges that there was insufficient evidence to warrant a finding that the appellant had committed the offenses of inciting a riot, simple battery, and obstructing an officer, and that appellant had engaged in activities which were in violation of the conditions of his probation. Far from being the "slight evidence" which will authorize a revocation of probation (*Harper v. State,* 146 Ga. App. 337 (246 SE2d 391)), the evidence at the hearing is preponderant that appellant urged a crowd of two or three hundred persons to assist him in preventing police officers from arresting his mother and sisters, for whom the police had a valid warrant and probable cause for arrest. Although the police had warned appellant to stay back, appellant, using loud and abusive vulgarities, came forward and in the course of his remonstrations struck an officer and broke the man's nose. The appellant succeeded so far in his appeals to the gathering crowd that a brick was thrown. The evidence in the record is overwhelming that appellant violated the terms of his probation, and on that basis, we cannot find that the trial court erred in

revoking appellant's probation.

The case is remanded to the trial court with direction to prepare and file a finding of fact showing the evidence relied upon and the reasons for revoking appellant's probation, after which the losing party may appeal.

*Appeal remanded with direction. Quillian, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 10, 1979 — DECIDED OCTOBER 15, 1979.

*James A. Elkins, Jr.,* for appellant.

*William J. Smith, District Attorney, Tasca A. Williams, J. Gray Conger, Assistant District Attorneys,* for appellee.