## 60355. WATSON v. THE STATE.

BIRDSONG, Judge.

Appellant's probation was revoked on October 9, 1979, for an incident which occurred November 15, 1978. Evidence at the hearing showed that on that date two drug squad detectives went to a certain address, the residence of appellant's husband, to execute a search warrant. Appellant opened the front door and upon seeing the officers, called back into the house, "Bubba, it's the police." The detectives ran in past the appellant and up the stairway where a door was slammed upon them. The appellant either ran into this room before the door was slammed or ran in past the officers after the officers kicked in the door. She went immediately to the bed headboard or dresser and picked up a black purse, which the officers took from her and opened, and found twenty-five coin envelopes containing "green vegetation" or a "green leafy material," and a driver's license bearing appellant's name. Twelve bags of the same or similar substance were found on the ground outside the window where the husband was sitting; nineteen additional manilla envelopes were found in the headboard of the bed. The trial court overruled Watson's motion to suppress, but she does not appeal that ruling of the trial court in revoking her probation. *Held:*

The trial court erred in failing to make a written statement as to the evidence relied on and reasons for revoking parole. The statement contained in the revocation order that appellant violated the terms of probation by violating the laws of a governmental unit in being arrested for possession of marijuana was totally insufficient as a matter of law. We remand this case to the trial court for reconsideration and preparation of an order properly stating the evidence relied upon and the reasons for revoking Watson's probation, *Reed v. State,* 151 Ga. App. 226 (259 SE2d 209), after which the losing party shall be free to enter an appeal.

*Judgment remanded with direction. Deen, C. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED OCTOBER 3, 1980.

*George M. Hubbard, Kran Riddle,* for appellant.
*Andrew J. Ryan, III, District Attorney,* for appellee.