## 60706. TUCKER v. THE STATE.

SOGNIER, Judge.
Tucker appeals from an order revoking his probation, contending there was no evidence to support the revocation order.

In November, 1961 appellant was convicted of four counts of robbery. He was sentenced to 10 years confinement on the first count and 10 years probation on each remaining count, the probation on each count to run consecutively to the confinement and to each successive period of probation. On March 19, 1980 appellant's probation officer filed a petition for revocation of probation, alleging

that Tucker violated his probation by failing to report (to the probation officer) as directed by the court, and by being convicted of armed robbery in DeKalb County Superior Court in March, 1980.

Tucker appeals, contending there is insufficient evidence to support the revocation of his probation.

In Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972) the United States Supreme Court set forth certain criteria which must be met in revocation of parole cases to meet minimum due process requirements. One of those requirements is that the fact-finder in a revocation of parole hearing shall make a written statement setting forth the evidence relied on and the reasons for revoking parole. Id., at 489. Morrissey also required the hearing officer to make a summary, or digest, of what occurs at the [revocation] hearing in terms of responses of the parolee, and the substance of documents or evidence given in support of parole revocation and of the parolee's position. Id., at 487. The United States Supreme Court subsequently held that the same requirements apply to revocation of probation proceedings, Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973) and this court has adopted the same requirements. Reed v. State, 151 Ga. App. 226 (259 SE2d 209) (1979); Moore v. State, 151 Ga. App. 791 (261 SE2d 730) (1979).

In the instant case there is no transcript or summary of the evidence, and no written findings of fact setting forth the evidence relied on and the reasons for revoking probation. Accordingly, this case is reversed and remanded for compliance with the rules set forth above.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 5, 1981 —
REHEARING DENIED JANUARY 22, 1981.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, H. Allen Moye, Assistant District Attorneys,* for appellee.