## 61390. BRINSON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant originally entered pleas of guilty to the offenses of robbery by use of force (1976), aggravated assault (1976), and burglary (1978). As to the offense of robbery by use of force he was sentenced on March 31, 1976, to serve 1 year in confinement, but because of his age he was committed to the Division for Children and Youth, Department of Human Resources. See Code Ann. Title 99; *Allen v. Ricketts,* 236 Ga. 294 (223 SE2d 633). Also, on March 31, 1976, defendant was sentenced to serve a term of 5 years as to the aggravated assault to be served on probation, including restitution to the victim. As to the offense of burglary, on February 15, 1978, defendant was sentenced to serve a term of 20 years, the first 3 in confinement, the balance on probation to run concurrently with all previous sentences.

A revocation of probation proceeding was initiated on September 5, 1980, wherein defendant was alleged to have violated the terms and conditions of probation. The terms and conditions of probation alleged to have been violated were to violate no state or federal law and be of general good behavior inasmuch as he has been accused of theft by taking, violation of state law by having in his possession a firearm (a .32 caliber Smith & Wesson); arrested for burglary as to two separate victims; a separate burglary of a veterinary clinic; and, the failure to maintain steady employment. He was thereafter arrested for violation of the probation and after a hearing his probation was revoked. He was ordered to "serve the balance of his sentence in such place of incarceration as the Director of Corrections may direct." Defendant appeals. *Held:*

1. The case sub judice is remanded to the trial court for entry of a written statement by the court showing the evidence relied upon and the reasons for revoking defendant's probation as required by Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656); *Moore v. State,* 151 Ga. App. 791 (1) (261 SE2d 730); *Richardson v. State,* 152 Ga. App. 679 (263 SE2d 539); and *Tucker v. State,* 157 Ga. App. 202.

2. In view of our holding in Division 1, we do not reach defendant's other enumerations of error.

*Remanded with direction. Quillian, C.J., Shulman, P.J., Banke, Birdsong, Carley and Sognier, JJ., concur. Deen, P.J., and Pope, J., dissent.*

DECIDED APRIL 6, 1981

*J. Lynn Rainey,* for appellant.
*J. W. Morgan, District Attorney,* for appellee.

POPE, Judge, dissenting.

Defendant, a felony probationer, allegedly violated the terms of his probation which prohibited the violation of any state or federal law and required him to work faithfully at suitable employment insofar as possible. A probation revocation hearing was held before the Judge of the Newton County Superior Court where evidence was presented concerning the allegations of defendant's illegal possession of a firearm, his involvement in three burglaries and an incident of theft by taking, and his failure to maintain steady employment. The judge entered an order stating that "it is hereby adjudged, based upon the evidence and testimony presented, that the defendant had violated his probation as set forth in the petition."

The majority has remanded this case to the trial court "for entry of a written statement by the court showing the evidence relied upon and the reasons for revoking defendant's probation as required by Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656); *Moore v. State,* 151 Ga. App. 791 (1) (261 SE2d 730); *Richardson v. State,* 152 Ga. App. 679 (263 SE2d 553); and *Tucker v. State,* 157 Ga. App. 202."

In the case of Gagnon v. Scarpelli, supra, probation was revoked without a hearing. The U. S. Supreme Court deemed this improper and set out certain minimum requirements applicable to probation revocation cases to provide due process of law. The apparent reason for requiring a written statement is to provide a record for judicial review of the revocation process. Under the Supreme Court guidelines the procedures required at a probation revocation hearing are less rigid than those required for a regular criminal prosecution. It is possible that a transcript of the revocation hearing would not be made; this is likely because the Supreme Court guidelines do not require the hearing to be before a judge or other judicial officer but allow the hearing to be before any "neutral and detached" hearing body. But see Code Ann. § 27-2713. Since recording and transcribing the testimony and evidence is not mandated, some means of reviewing a decision made by such a body must be provided.

The record in this case shows that the defendant acknowledged service of the petition for revocation which set forth the claimed violations of this probation. The hearing was held before a superior court judge and the defendant was represented by counsel. A transcript of the hearing was made allowing full judicial review of the probation revocation hearing. It is clear from a review of the testimony that sufficient evidence was presented to support the order revoking probation. *Goswick v. State,* 150 Ga. App. 279 (257 SE2d 303) (1979).

I find no fundamental unfairness to the defendant resulting from the judge's failure to itemize the evidence relied upon in reaching his decision or the reasons for revoking probation. The order revoking probation was based upon the evidence and testimony presented at the hearing and a full transcript of the hearing was available to this court for review. Moreover, the reasons for the revocation were set forth in the petition, receipt of which defendant acknowledged. The Georgia cases cited by the majority (also *Reed v. State,* 151 Ga. App. 226 (1) (259 SE2d 209) (1979)) are factually distinguishable from the case at bar since the orders in those cases did not state the evidence relied on by the judge or the reasons probation was revoked. In my opinion, the order in this case sufficiently referenced the reasons for revoking defendant's probation and *all* the evidence relied upon by the judge was available in the transcript of the hearing.

For the reasons stated above I respectfully dissent.

I am authorized to state that Presiding Judge Deen joins me in this dissent.