## 61977. BRADSHAW v. THE STATE.

CARLEY, Judge.

Appellant was serving probated sentences for several crimes. Petitions for revocation of probation were filed charging that appellant had "violated the following terms and conditions of probation in the following particulars: Rule 1 in that he has been arrested and charged with Motor Vehicle Theft; Burglary and Arson." Following a hearing on the petitions the trial court entered its orders of revocation, both of which essentially state in relevant part: "[T]he Court has adjudged that the terms of probation [have] been violated as set forth (in the following particulars: the court finds sufficient legal evidence that defendant was involved in crimes of motor vehicle theft and arson of motor vehicle belonging to Cutler Industries on Aug. 6, 1980, and burglary of mobile home of Mrs. A. B. Smith on Aug 6 & 7th, 1980, as charged.)" The trial court did not otherwise particularize the facts upon which it based its decision to revoke appellant's probation. Appellant appeals from the orders revoking his probation.

"In Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972) the United States Supreme Court set forth certain criteria which must be met in revocation of parole cases to meet minimum due process requirements. One of those requirements is that the

fact-finder in a revocation of parole hearing shall make a written statement setting forth the evidence relied on and the reasons for revoking parole. [Cit.] . . . The United States Supreme Court subsequently held that the same requirements apply to revocation of probation proceedings, [Cit.] and this court has adopted the same requirements. [Cits.]" *Tucker v. State,* 157 Ga. App. 202, 203 (276 SE2d 842) (1981). It is clear that the probation revocation orders in the instant case do not comply with the requirement that the trial court, as fact finder, "state the facts upon which it based its conclusion that [appellant was 'involved' in the enumerated crimes.]" *Reed v. State,* 151 Ga. App. 226, 227 (259 SE2d 209) (1979). Accordingly, the instant case must be reversed and remanded to the trial court with direction that the old orders be vacated and that new orders be prepared and filed containing a written statement of the evidence relied upon and the reasons for revoking appellant's probation, the new orders being based upon the evidence stated. *Reed v. State,* 151 Ga. App. 226, supra; *Moore v. State,* 151 Ga. App. 791 (261 SE2d 730) (1979); *Watson v. State,* 155 Ga. App. 948 (274 SE2d 61) (1980); *Tucker v. State,* 157 Ga. App. 202, supra; *Brinson v. State,* 158 Ga. App. 189 (279 SE2d 488) (1981). If the new orders prepared in accordance with this opinion revoke appellant's probation, he shall have the right to appeal to this court after the entry of said new orders.

*Judgment reversed and case remanded with direction. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 19, 1981.

*H. G. Bozeman,* for appellant.
*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.