## 64313. BRADSHAW v. THE STATE.

Carley, Judge.

This is the second appearance of this probation revocation case before us. The instant appeal is from orders entered by the trial court in compliance with the mandate of this court's judgment in *Bradshaw v. State,* 160 Ga. App. 88 (286 SE2d 323) (1981). In that case, we reversed and remanded for the entry of new orders of revocation "containing a written statement of the evidence relied upon and the reasons for revoking appellant's probation, the new orders being based upon the evidence stated. [Cits.]" *Bradshaw,* 160 Ga. App. at 89, supra. In so holding, we relied in part upon *Brinson v. State,* 158 Ga. App. 189 (279 SE2d 488) (1981), a case which was subsequently reversed by the Supreme Court on certiorari. *State v. Brinson,* 248 Ga. 380 (283 SE2d 463) (1981). Accordingly, we would point out for the benefit of the bench and bar that it is not the opinion of this court in the prior appearance of the instant appeal or any case cited therein which establishes the appropriate standard for determining whether an order of probation revocation satisfies the minimum standards of due process. The appropriate standard is established by *State v. Brinson,* 248 Ga. 380, supra.

1. Appellant first asserts that the trial court erred "in that he considered evidence which should have been suppressed under the [appellant's] Motion to Suppress because of the illegal arrest."

The commission of the three crimes of motor vehicle theft, burglary and arson served as the basis for the revocation of appellant's probation. Appellant contends that his arrest for these three crimes was "illegal" and that any evidence discovered as the consequence thereof should have been suppressed at the revocation hearing. "A defendant's probation may not be revoked on the basis of illegally seized evidence. [Cit.]" *Austin v. State,* 148 Ga. App. 784, 785 (252 SE2d 696) (1979). It does not appear in the instant case, however, that any tangible physical evidence was introduced at the

revocation hearing. " 'It is harmless error to overrule a motion to suppress evidence which is never introduced; furthermore, testimony is outside the scope of a motion to suppress, and should be objected to on the trial. [Cit.]' [Cits.]" *Jackson v. State,* 146 Ga. App. 736 (1) (247 SE2d 512) (1978).

Construing this enumeration as addressing the admission over objection of oral testimony concerning the post-arrest discovery of evidence demonstrating appellant's guilt of the three underlying crimes, it does not appear that any reversible error occurred in the instant case. Our review of the transcript demonstrates that the trial court was authorized to find that such testimony did not relate to the "fruits" of appellant's illegal arrest but to the fruits of a valid consent search. "[T]he state 'may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.' [Cit.]" *Park v. State,* 154 Ga. App. 348, 350 (268 SE2d 401) (1980). We find no error for any reason urged on appeal in the trial court's "consideration" of evidence concerning events and circumstances which occurred subsequent to appellant's arrest.

2. Prior to the revocation hearing, appellant escaped from confinement and was recaptured. In revoking appellant's probation, the trial court considered and relied upon evidence of appellant's escape. On appeal, appellant asserts, in essence, that the arrest warrants on which he was being held were "illegal and invalid" and that the trial court thus erroneously considered and relied upon evidence of appellant's flight from "illegal" detention.

It appears that, subsequent to appellant's escape and recapture but prior to the revocation hearing, appellant was afforded a commitment hearing as to the three underlying crimes. The magistrate who conducted the commitment hearing entertained and orally granted appellant's "motion to dismiss" the arrest warrants on the ground that those warrants had not been issued by a "neutral and detached" magistrate. Appellant contends that this oral "dismissal" by the committal magistrate should have been given res judicata effect at the revocation hearing so as to establish that the flight was from confinement under invalid warrants and thus was flight from illegal detention rather than escape from lawful confinement.

In the first instance, the committal magistrate's oral pronouncement was not a final order. " 'What the judge orally declares is no judgment until it has been put in writing and entered as such. [Cits.]' [Cit.] The defendant in a criminal case cannot claim that the trial court's oral pronouncements from the bench have the finality of a judgment. [Cits.]" *Harden v. State,* 160 Ga. App. 514, 515 (287 SE2d 329) (1981). "Until an order is signed by the judge it is

ineffective for any purpose." *Majors v. Lewis,* 135 Ga. App. 420, 421 (218 SE2d 130) (1975).

Moreover, the committal magistrate had no authority to "dismiss" the warrants on the ground stated. "The jurisdiction of such courts, as to State offenses is limited to determining 'whether there is sufficient reason to suspect the guilt of the accused, to require him to appear and answer before the court competent to try him; and whenever such probable cause exists, it is the duty of the court to commit.' [Cits.]" *Savannah News-Press v. Harley,* 100 Ga. App. 387, 391 (111 SE2d 259) (1959). Whether the arrest warrants were issued by a neutral and detached magistrate is a totally separate issue from the existence of probable cause. "The Fourth Amendment explicitly commands that 'no warrants shall issue, but upon probable cause.' Case law has established the *further requirement* that the warrant be issued by a 'neutral and detached magistrate,' who must actually determine whether probable cause . . . exists. [Cits.]" (Emphasis supplied.) *Vaughn v. State,* 160 Ga. App. 283 (287 SE2d 277) (1981). Accordingly, the committal magistrate was without jurisdiction to rule on the issue with respect to which the doctrine of res judicata is advanced. The trial court conducting the revocation hearing was not bound thereby and did not err in making an independent determination that the warrants charging appellant with the three underlying crimes were valid. Cf. *Aikens v. State,* 143 Ga. App. 891 (240 SE2d 117) (1977). As against appellant's objections, the trial court's independent determination that appellant "escaped" from confinement under these warrants was not erroneous. See generally *Gordon v. State,* 150 Ga. App. 862 (1) (258 SE2d 664) (1979); *Arnsdorff v. State,* 152 Ga. App. 515, 516 (4) (263 SE2d 176) (1979). We find no error in the trial court's consideration of evidence of appellant's escape while being held on warrants charging him with the commission of the three crimes which formed the basis for the petition for probation violation.

Since the trial court was authorized to find that appellant "escaped" from lawful confinement under the warrants charging the commission of the three crimes, we need not address the further argument that the additional arrest warrant charging appellant with probation revocation was invalid as not being made under oath and that fleeing from confinement thereunder would not be "escape." See *Cox v. Perkins,* 151 Ga. 632 (107 SE 863) (1921).

3. Appellant enumerates as error the admission of certain hearsay evidence. The transcript demonstrates that the hearsay evidence was in fact the prior inconsistent statement of a witness and was offered by the state for purposes of impeachment under Code Ann. § 38-1803. We find no error. See generally *Simmons v. State,* 139

Ga. App. 180, 181 (2) (228 SE2d 185) (1976).
*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 8, 1982.

*H. G. Bozeman,* for appellant.
*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.