## 57977. WILEY v. THE STATE.

Birdsong, Judge.

Roy Buddy Wiley was convicted of the crime of child molestation in that he erotically fondled his nine-year old stepdaughter's pubic area and breasts, and attempted

intercourse. He was sentenced to ten years, three to serve and seven on probation. Wiley brings this appeal enumerating four alleged errors. *Held:*

1. In his first enumeration of error, appellant contends that it was error for the trial court to allow his wife to testify against him without first affirmatively advising her that she could not be compelled to testify against her husband.

There is no merit in this argument. The provisions of Code Ann. § 38-1604 which confer the privilege, expressly provide that the privilege belongs to the spouse whose testimony is sought to be elicited, rather than the spouse who is on trial. *Kellar v. State,* 226 Ga. 432 (1) (175 SE2d 654); *James v. State,* 223 Ga. 677, 683 (157 SE2d 471). The policy of Code Ann. § 38-1604 is not to offer protection to the defendant, but to give regard to feelings of family harmony and promote marital unity. As stated in *Kellar,* supra: ". . . where the witness voluntarily took the stand and testified, it will be presumed that she did so pursuant to a waiver of her privilege." See *Young v. State,* 232 Ga. 285, 287 (206 SE2d 439).

2. In his second and third enumerations of error, appellant urges that it was error to admit admissions made by him to police officers. The first was to a polygraph operator and the second to a police officer who was transporting the appellant back to his home following the polygraph examination. The first admissions were made following a full warning of rights against self-incrimination, which the appellant admitted he understood. The second was a spontaneous, voluntary admission and not preceded by any questions by the officer to whom the admissions were directed.

As to the first, the appellant was afforded a hearing outside the presence of the jury on the question of voluntariness. Jackson v. Denno, 378 U. S. 368; *Schneider v. State,* 130 Ga. App. 3 (202 SE2d 238). At that hearing the state proved voluntariness by a preponderance of the evidence (Lego v. Twomey, 404 U. S. 477; *High v. State,* 233 Ga. 153 (210 SE2d 673)). In making this determination, the trial court considered the "totality of the circumstances" surrounding the admissions (Clewis v. Texas, 386 U. S. 707; *Pierce v. State,* 235 Ga. 237 (219

SE2d 158)). These findings of the trial court are not clearly in error and thus will not be disturbed. *Phillips v. State,* 238 Ga. 497, 498 (233 SE2d 758).

As to the second set of admissions, there is no merit to a claim of lack of voluntariness predicated upon the failure to give a Miranda warning where the statement given was spontaneous and unsolicited. *Williams v. State,* 239 Ga. 12, 14 (235 SE2d 504). Moreover, such a statement may be used for impeachment (one of the predicates offered by the state) and this has been the rule since 1971. Harris v. New York, 401 U. S. 222, 225; *Hancock v. State,* 131 Ga. App. 485, 487 (206 SE2d 104). We find no merit in either of these enumerations.

3. In his final enumeration of error, appellant complains that the trial court erred in giving an instruction requested by the state that if the state proved any one or more of the alleged acts of improper fondling of or upon the child's body, then the jury would be authorized to convict. We find this charge to be appropriate in a child molestation case. It is apparent that the statute is violated if the defendant fondled the child's pubic area, the child's breasts, or attempted intercourse if done with the requisite intent to arouse or satisfy appellant's or the child's sexual desires. Accordingly, on the trial of such a case, it is not incumbent upon the state to prove all of such separate ways or methods alleged in the indictment, but the state makes a prima facie case upon its establishment by adequate proof of any one of them. *Young v. State,* 232 Ga. 285, 287, supra; *Leverenz v. State,* 140 Ga. App. 632, 634 (231 SE2d 513); *Jones v. State,* 75 Ga. App. 610 (4) (44 SE2d 174). This enumeration likewise lacks merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JUNE 11, 1979 — DECIDED JULY 6, 1979.

*Charles W. Smith, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.