61549, 61550. HOGAN v. THE STATE (two cases).

SOGNIER, Judge.

On February 12, 1979 appellant pleaded guilty in the Superior Court of Fulton County to motor vehicle theft and theft by taking. Pursuant to the First Offender Probation Act (Code Ann. § 27-2727 et seq.), he was placed on probation for three years as to each offense, the probation for each offense to run concurrently with the other.

On September 9, 1979 appellant pleaded guilty in DeKalb County Superior Court to several counts of armed robbery and kidnapping; he was sentenced to confinement for 25 years for these offenses. As a result of this conviction, a revocation of probation hearing was held on October 16, 1979 in Fulton County Superior Court; as a result of the hearing an adjudication of guilt was made and appellant's probation was revoked. He was sentenced to confinement for five years on each of the original two counts.

On appeal appellant contends (1) there is no evidence to support the revocation of probation; (2) the trial court erred by increasing appellant's sentence to confinement; and (3) that the trial court erred by failing to credit appellant with the period of time served on probation prior to revocation.

1. The probation officer and appellant's mother both testified at the revocation hearing that appellant was convicted in the Superior Court of DeKalb County and sentenced to 25 years confinement. Appellant contends this is not sufficient evidence to revoke his probation. However, in *Smith v. State,* 144 Ga. App. 631 (2) (241 SE2d 499) (1978) we held that *testimony* of a GBI agent that a substance was marijuana was sufficient to authorize revocation of probation. See also *Barnum v. State,* 111 Ga. App. 620, 621 (3) (142 SE2d 387) (1965) (arresting officer's testimony sufficient to revoke probation). Further, the trial judge (in a revocation proceeding) is not bound by the same rules of evidence as a jury in determining guilt or innocence, and if there is *any* evidence to show prohibited criminal activity, we will not interfere with the revocation by the trial court in the absence of a manifest abuse of discretion. *Harper v. State,* 146 Ga. App. 337, 338 (246 SE2d 391) (1978). The evidence presented shows the necessary criminal activity warranting revocation, and the trial court did not abuse its discretion. Accordingly, this enumeration is

without merit.

2. Appellant contends the trial court erred by increasing his probationary sentence. However, our Supreme Court has held that when a person on probation as a first offender violates the terms of his probation, "[n]o former adjudication of guilt having been made and no prior sentence having been entered thereon, the defendant is subject to receive any sentence permitted by law for the offense he has been found guilty of committing." *State v. Wiley,* 233 Ga. 316, 318 (210 SE2d 790) (1974). As the maximum punishment authorized for the two offenses committed by appellant is 17 years confinement, the trial court did not err in sentencing appellant to five years confinement for each offense.

3. Lastly, appellant contends the trial court erred by failing to give him credit for the time spent on probation. We agree. The Supreme Court has held that "when a probationer is sentenced to serve time in a penal institution for the offense for which he has spent time on probation, that probation time must be credited to any sentence received, including cases involving first offender probation." *Stephens v. State,* 245 Ga. 835, 837 (268 SE2d 330) (1980). Accordingly, it was error not to credit appellant with the time served on probation.

*Judgment affirmed with direction that appellant be credited with time served on probation. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MAY 6, 1981.

*Sharon A. Shade,* for appellant.
Ricky Lamar Hogan, *pro se.*
*Lewis R. Slaton, District Attorney, Margaret V. Lines, Joseph J. Drolet, Assistant District Attorneys,* for appellee.