## 62317. BOHANNON v. THE STATE.

BIRDSONG, Judge.

The appellant was served with a petition for revocation of probation which alleged in Section IV "that the defendant has violated the following terms and conditions of probation in the following particulars: For that the accused on the 15th day of November, 1980, in Douglas County, Georgia, did take and appropriate one tool box and tools, one power drill and cord, of the value of $400.00, the property of Floyd T. Finley, with intention of depriving said owner thereof." Appellant was present at the revocation hearing and had full opportunity to be heard on the charge. The trial court's order for revocation provides in part that "the Court has adjudged that the terms of probation had been

violated as set forth in the following particulars: As stated in Section IV of this petition." *Held:*

1. The preliminary hearing is not necessary in a probation revocation case. *Wilson v. State,* 152 Ga. App. 695 (263 SE2d 691).

2. This recital and holding does not constitute a sufficient written statement by the fact finder as to the evidence relied upon in revoking appellant's probation. See Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484), and see *Reed v. State,* 151 Ga. App. 226, 227 (259 SE2d 209). While the reason for revoking probation is sufficiently and succinctly given *(Reed,* supra), there is no statement of the evidence upon which the revocation is based. We remand the appeal with direction that the trial court recite in its order the evidence which it found sufficient to authorize revocation of probation.

*Appeal remanded. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 9, 1981.

Virginia B. Garrett, for appellant.
W. A. Foster III, District Attorney, Frank C. Winn, Assistant District Attorney, for appellee.