64051, 64222. SMALLWOOD v. THE STATE (two cases).

QUILLIAN, Chief Judge.

The defendant appeals the revocation of his probation on two burglary charges. *Held:*

1. It is contended that the trial court erred in failing to make a sufficient written statement as to the evidence relied upon in revoking defendant's probation.

This contention would have been meritorious prior to October 27, 1981. See for example *Reed v. State,* 151 Ga. App. 226, 227 (259 SE2d 209); *Bohannon v. State,* 159 Ga. App. 886 (285 SE2d 612). However, on that date the Georgia Supreme Court interpreted the language found in Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) to the effect that the minimum requirements of due process in parole revocation hearings [extended to probation regulation proceedings by Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656)] include " '(f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.' " State v. Brinson, 248 Ga. 380 (283 SE2d 463). Our Supreme Court found this language should not be interpreted literally. Instead, what it meant was that the appellate court must have

sufficient written record before it to ascertain the basis for revocation of defendant's probation. The court pointed out "the record in this case satisfies the requirements of Morrissey and Gagnon with regard to a 'written statement.' . . . [I]t was unnecessary for the trial court to commit his findings to a separate piece of paper. We do not construe Morrissey and Gagnon as elevating a superfluous exercise to the level of due process." *State v. Brinson,* 248 Ga. 380, 381, supra.

Adopting that reasoning, which we are compelled to do, there is sufficient written record (the hearing transcript) for this court to determine on what grounds the trial court revoked probation.

2. In a proceeding of this type, the trial judge acts as the trier of fact with a very wide discretion which will not be controlled in the absence of a manifest abuse of such discretion. *Harper v. State,* 146 Ga. App. 337, 338 (246 SE2d 391); *Hogan v. State,* 158 Ga. App. 495 (1) (280 SE2d 891).

3. *State v. Brinson,* 248 Ga. 380 (4), supra, reiterated the rule " '[A] court may take judicial notice of its own records in the immediate case or proceedings before it.' " The argument that the trial court considered matters outside the evidence and that the evidence was insufficient is without merit.

*Judgments affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 24, 1982 —
REHEARING DENIED JULY 16, 1982.

*Charles W. Smith, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney, Patrick F. McMahon, Assistant District Attorney,* for appellee.