## 65637. GRIFFIN v. THE STATE.

POPE, Judge.

1. While serving the probated portion of his sentence for robbery, defendant committed the offenses of aggravated assault and attempted robbery. He was indicted, tried and convicted of both felonies. The state thereafter filed a petition for revocation of his probation and, at the revocation hearing, showed that he had been advised of his conditions of probation and that he was in fact on probation when he committed the crimes. As proof of defendant's violation of his conditions of probation, the state introduced the indictment and the jury verdict.

Defendant contends that "[t]he sole evidence introduced here was a copy of the bill of indictment and jury verdict (without sentence) and absolutely no evidence of the fact of the crime." We find this contention to be absolutely without merit. In *Hogan v. State,* 158 Ga. App. 495 (1) (280 SE2d 891) (1981), this court held that the testimony of a probation officer and defendant's mother that he was convicted of a crime committed while on probation was sufficient evidence upon which to base a revocation of probation. It certainly follows that introduction of the official record of a conviction, the best evidence of guilt of the criminal offense (*Hunter v. State,* 133 Ga. 78 (8) (65 SE 154) (1909)), is sufficient to support a revocation of probation.

2. Defendant's second contention is directly adverse to *State v. Brinson,* 248 Ga. 380 (1) (283 SE2d 463) (1981), and is therefore

meritless. See *Bradshaw v. State,* 163 Ga. App. 819 (296 SE2d 119) (1982); *Smallwood v. State,* 163 Ga. App. 140 (1) (293 SE2d 15) (1982); *Askea v. State,* 160 Ga. App. 328 (1) (287 SE2d 65) (1981).
*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1983.

*Richard D. Phillips,* for appellant.
*Dupont K. Cheney, District Attorney, Douglas A. Datt, Assistant District Attorney,* for appellee.

