## 67734. RAMSEY v. THE STATE.

Deen, Presiding Judge.

Anna Ramsey was convicted of theft by shoplifting and appeals, contending the trial court erred in denying her motion for a continuance because counsel did not have sufficient and timely notice of the upcoming trial date. *Held:*

Ramsey was arraigned and counsel appointed to represent her in April 1983. She was released on bond and her case was placed on the July term trial calendar. The case was called for trial the first day, although it was twentieth on a calendar of sixty-eight cases. Because she was not present when her case was called, a bench warrant was issued and she was arrested. Her case was called again two days later. Counsel requested a continuance because of lack of sufficient notice of trial and because he had not talked to his client in almost two months. The district attorney admitted to the court it was his practice to notify counsel the night before trial that the case would be called the following day. In this case, however, he felt it was unnecessary because one week prior to trial he had advised counsel to prepare for trial the first day of court. Counsel stated that he had received notice the previous week that Ramsey's case was scheduled for trial, but had been unable to contact her.

In making its ruling denying appellant's motion, the court noted that counsel had been appointed at the previous term of court, but stated it would allow him the opportunity to confer with his client after the jury was struck but prior to the start of the case.

A motion for continuance for additional time to prepare for trial addresses itself to the sound discretion of the trial court, and the exercise of this discretion will not be disturbed on appeal absent clear abuse. OCGA § 17-8-22 (Code Ann. § 81-1419); *Babb v. State,* 157 Ga. App. 757, 758 (278 SE2d 495) (1981); *Bunge v. State,* 149 Ga. App. 712, 713 (256 SE2d 23) (1979). In the instant case, counsel stated he had discussed the case with Ramsey shortly after he was appointed to represent her in this case and in a case pending in another county, and had received the trial calendar approximately a week before the beginning of the July term of court. The main thrust of his lack of notice argument is that the case was called out of the order in which it appeared on the trial calendar.

OCGA § 17-8-1 (Code Ann. § 27-1301) provides: "The cases on the criminal docket shall be called in the order in which they stand on the docket unless the defendant is in jail or, otherwise, in the sound discretion of the court." This code section is directory, not mandatory. *Merrill v. State,* 130 Ga. App. 745 (204 SE2d 632) (1974); *Rosenbrook v. State,* 78 Ga. 111 (1886). "The decision as to when a

case is called for trial does not rest with the defendant." *Garner v. State,* 159 Ga. App. 244, 246 (282 SE2d 909) (1981). Where a defendant does not show either abuse of sound discretion or injury, the trial court does not err in ruling against a motion for a continuance on the ground the defendant's case was called for trial before another case having a lower docket number. *Merrill v. State,* supra at 747.

Accordingly, we find no abuse of the trial court's discretion, and the defendant has shown no harm.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 22, 1984.

*Stephen L. Ivie, John W. Sherrer, Jr.,* for appellant.

*Thomas H. Pittman, District Attorney, Robert C. Wilmot, Assistant District Attorney,* for appellee.