### 69074. LESTER v. THE STATE.
(325 SE2d 912)

BENHAM, Judge.

This appeal is from appellant's conviction of robbery by force and aggravated assault with intent to rape.

1. Appellant enumerates as error the denial of his motion for mistrial based on an alleged violation of *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). In response to a timely *Brady* motion before trial, appellant was told that there was no exculpatory material in the State's possession. Some two months prior to trial, defense counsel was permitted to review the State's file and found nothing exculpatory there. On the day of trial, either just before the trial or during the State's opening statement, defense counsel became aware that a key witness for the State had a criminal

record. Appellant alleges that the State withheld that information and insists that a mistrial should have been declared on that ground.

Appellant's assertions are not supported by the record. At a hearing on appellant's motion for new trial, evidence was taken on the specific issue of the date on which the State came into possession of the information that its witness had a criminal record. The undisputed evidence is that an investigator who brought the witness to court on the day of trial learned from the witness, on that date, that the witness had a record. Upon receiving that information, the prosecuting attorney interviewed the witness and ascertained that he had a criminal record in another jurisdiction. There is no evidence that the State was aware of the witness' record prior to the day of trial. Under those circumstances, no *Brady* violation is shown since the information was not in the possession of the State. *Hines v. State,* 249 Ga. 257 (1) (290 SE2d 911) (1982); *Hayes v. State,* 168 Ga. App. 94 (3) (308 SE2d 227) (1983). Accordingly, we find no error in the denial of appellant's motion for a mistrial.

2. Appellant's second enumeration of error is that the trial court wrongfully denied his motion for a continuance. The asserted purpose for the continuance was to seek a certified copy of the criminal record of the witness mentioned in the preceding division of this opinion. The motion was made on the second day of trial at the conclusion of the evidence, after both sides had rested.

"A motion for continuance for additional time to prepare for trial addresses itself to the sound discretion of the trial court, and the exercise of this discretion will not be disturbed on appeal absent clear abuse. [Cits.]" *Ramsey v. State,* 169 Ga. App. 920 (315 SE2d 472) (1984). We note that appellant makes no allegation that the witness' name was not provided or that he was in any way prevented from making a pre-trial investigation into the witness' background; indeed, the record shows that the witness was identified as such on the warrants under which appellant was arrested. In the exercise of due diligence, through an interview with the witness or by means of other research, appellant may well have been able to ferret out the information concerning the witness' record without the assistance of the prosecution. Under the circumstances here, where the evidence appellant wanted time to procure was merely impeaching and there was evidence other than that witness' testimony to support the conviction, we find no abuse of the trial court's discretion. Cf. *Grimes v. State,* 168 Ga. App. 372 (6) (308 SE2d 863) (1983).

3. Finally, appellant argues that it was error to deny his motion for a directed verdict of acquittal on the aggravated assault with intent to rape charge. The ground asserted at trial and on appeal is that there was no evidence that appellant committed any "overt act" toward committing a rape.

Appellant misapprehends the nature of the offense. "The essential elements of the crime [appellant] was charged with are: (1) An assault (as defined in [OCGA § 16-5-20]) on the victim; and (2) aggravation of that assault by an intention of rape. [Cit.] . . . [S]ince assault is an 'attempted' battery, there must be a 'substantial step' toward committing a battery before there can be an assault. [OCGA § 16-4-1]. The 'substantial step' requirement thus relates to the first essential element of [OCGA § 16-5-21], the assault, and not to the second element, the intent to rape. The crime of aggravated assault with intent to rape is complete when there is a 'substantial step' toward a battery of the victim, i.e., an assault, coupled with an intent to rape. [Cit.] If there is a substantial step toward the rape itself, the crime would then become attempted rape. [Cits.]" *Bissell v. State*, 153 Ga. App. 564 (1) (266 SE2d 238) (1980). The evidence here authorized a finding that appellant tricked the victim into a building, ostensibly to use a telephone, then seized her, stated an intention of kissing her, and attempted to get her to lie on a bed. The ensuing struggle was interrupted by a third party and the victim was then able to escape. That evidence supplied the "substantial step" requirement. See *Williams v. State*, 165 Ga. App. 69 (1) (299 SE2d 402) (1983); *Middlebrooks v. State*, 156 Ga. App. 319 (1) (274 SE2d 643) (1980).

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 17, 1985.

*Stephen R. Yekel*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, James M. LaChance, Assistant District Attorneys*, for appellee.