73848. YOUNG v. THE STATE.
(353 SE2d 82)

DEEN, Presiding Judge.

Ernest Young brings this appeal following the denial of his motion for a new trial. He was convicted of armed robbery, aggravated assault with intent to rape, and possession of a firearm during the commission of a felony. He received sentences of 15 years, 10 years, and 5 years respectively. The latter two sentences were to be served concurrently with the armed robbery sentence. He contends that there was no evidence to support the jury verdict of guilty on the charge of aggravated assault with intent to rape. *Held*:

The evidence showed that Young robbed a convenience store during the early morning hours by pulling a gun from his pocket, forcing the cashier to lie on the floor, and then forcing her to get up and open the cash register after he was unable to open it. He then forced her to the floor again, knelt on her back, and robbed the outer compartment of the safe while holding a gun against her temple. After he removed the money from the safe, he raised her off the floor by the nape of her neck, forced her into the back room, made her lie down and tied her hands behind her back and her feet together. When asked if anything happened at that time, the witness replied, "He touched me." When asked where he touched her, she responded, "My vagina." She further testified that he did not have permission to touch her and that, "He told me that he would rape me, but he didn't have time." He immediately left.

Young was charged with assault as defined in OCGA § 16-5-20 and an aggravation of that assault by an intention to rape as found in OCGA § 16-5-21. "[S]ince assault is an 'attempted' battery, there must be a substantial step toward committing a battery before there can be an assault [OCGA § 16-4-1]. The 'substantial step' requirement thus relates to the first essential element of [OCGA § 16-5-21], the assault, and not to the second element, the intent to rape. The crime of aggravated assault with intent to rape is complete when there is a 'substantial step' toward a battery of the victim, i.e., an assault, *coupled with intent to rape . . .* If there is a substantial step toward the rape itself, the crime would then become attempted rape. [Cits.]" *Bissell v. State*, 153 Ga. App. 564 (266 SE2d 238) (1980) (emphasis supplied); *Lester v. State*, 173 Ga. App. 300 (325 SE2d 912) (1985).

The evidence shows that the "substantial step" requirement was satisfied by appellant's actions toward the victim. As to the requirement that he had to formulate an intent to rape, we find that the jury was instructed as to intent and that appellant's actions in forcing the victim into another room, tying her up, and touching her genital area was sufficient evidence for the jury to find intent to rape. They could also find that his statement that he did not have time to actually attempt to rape her did not abrogate his intent.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 21, 1987.

*William H. Newton III*, for appellant.
*Stephen F. Lanier, District Attorney, Danny Crabbe, Assistant District Attorney*, for appellee.