## 76870. SEAGRAVES v. THE STATE.
### (381 SE2d 523)

DEEN, Presiding Judge.

Frankie Seagraves was convicted of rape, burglary and aggravated assault. On appeal his attorney asserts the general grounds con-

tending that the evidence did not establish beyond a reasonable doubt that he committed the offenses for which he was convicted. In the pro se enumeration of errors which he filed, Seagraves claims that he was denied effective assistance of counsel, that the court erred in failing to charge on alibi, and that its charge on criminal intent was burden-shifting.

1. The evidence showed that the sixteen-year-old rape victim and her nineteen-year-old sister shared a bed in a bedroom of their mobile home, which was located in close proximity to their parents' home. The sisters went to bed at approximately 1:00 a.m. on the night in question. Sometime before dawn, the oldest girl was awakened by the presence of someone in bed between herself and her sister. The intruder pushed her head into her pillow and told her to "shut up" when she began to scream. She reached for her sister's hand, but got no response and feared that she was dead. The intruder again told her to "shut up" when she screamed, tied her hands behind her back, placed a gag in her mouth, and pulled a pillowcase over her head. When she continued to make a noise, the intruder told her again to "shut up," and put what she believed to be a gun to her head. Her younger sister testified that she was sleeping on her stomach when she was awakened by the older girl's screams. She was too frightened to turn over or speak. The intruder told her to put her hands behind her back. When she did not comply, he pulled her hands back and tied them, placed a pillowcase over her head, and pulled off her panties. As she refused to cooperate when he told her to roll over, he forcibly rolled her over on her back and raped her. When he was leaving, he told the sisters, "Don't move and don't say a word and don't get up."

The older girl identified the defendant as their attacker and testified that she was very familiar with appellant's voice; she had known him for years because he used to be married to her aunt. The younger sister also testified that she recognized Seagraves' voice and that she had known him all her life. There was no doubt in her mind that the voice of the intruder was that of the defendant.

A next-door neighbor testified that she and her husband were awakened by a noise emanating from the direction of the girls' mobile home and investigated. She found one of the girls in the yard, untied her and went into the mobile home and untied the other one. The neighbor and her husband escorted them to their parents' home and the police were summoned.

A cousin of the young women, Paul Green, testified that appellant was his brother-in-law and that on the evening in question Seagraves had contacted him wanting to swap cars because he had something to do and did not want his car to be recognized. He agreed to the swap. Later, about 11:00 p.m., the defendant located Green and

asked him how the lights on the car operated. After explaining the modification to the car's electrical system, Green claims that Seagraves told him "he was already late and I had knocked him out of two hours of pussy."

At the crime scene the officers collected pieces of copper wire sheathed in gray plastic insulating material along with other evidence. The next day, they recovered several pieces of copper wire sheathed in gray plastic insulating material from the defendant's car. When he was arrested, a pocketknife was taken from his person. An expert witness testified that the cut ends of the wire used to tie one of the victims perfectly matched the cut ends of the wire found in the trunk of Seagraves' car and that his pocketknife was the tool used to cut the wire. An analysis of blood samples taken from the victim, the defendant and Paul Green showed that the defendant was within the 23 percent of the population who could have raped the victim.

Construing the evidence in favor of the prosecution, we find that a rational trier of fact could find the appellant guilty of rape and burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. OCGA § 16-5-21 (a) provides: "A person commits the offense of aggravated assault when he assaults: (1) With intent to murder, to rape, or to rob." Appellant claims that there was no "substantial step" taken by him as to aggravated assault with intent to rape or rob the older sister as required by *Lester v. State*, 173 Ga. App. 300 (325 SE2d 912) (1985). We must disagree.

The evidence showed that Seagraves shoved the girl's head down in a pillow, tied her hands behind her back, pulled a pillowcase over her head, put something "hard" against her head, and told her he would kill her if she was not quiet. The intent to rape was obviously present as he tied her younger sister up in the same manner and did rape her. See also *Young v. State*, 181 Ga. App. 587 (353 SE2d 82) (1987).

He makes the same argument as to the intent to rob portion of the statute claiming that there was no "substantial step" taken to show intent to rob. The older victim testified that after the defendant got up from the bed, he moved the fan, told them not to move or he would kill them, and that he was going to look for some money. Later, when she tried to find her purse in order to get a cigarette, she could not find it where she left it. When she later located it, it was open and the contents had been taken out.

The State need not prove that the property was taken from the owner's person. It is sufficient to show that it was taken from his presence. All property in the victim's mobile home is considered to be in her presence. See *Banks v. State*, 74 Ga. App. 449 (40 SE2d 103) (1946). The evidence shows that appellant took the required "sub-

stantial step" towards committing a battery on the older sister with intent to rape and rob. The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra.

3. This court submitted a certified question requesting the Supreme Court to consider the issue of whether appellant's efforts to act as co-counsel are entitled to judicial recognition and consideration pursuant to the Constitution of the State of Georgia. In *Seagraves v. State*, 259 Ga. 36, 39 (376 SE2d 670) (1989) that court held: "[A] layperson does not have the right to represent himself and also be represented by an attorney, but a lawyer does have such a right, subject to the authority of the trial court to limit the exercise of that right in order 'to insure the orderly disposition of the matters before it.' [Cit.]" We therefore find that Seagraves' pro se enumeration of errors and supporting brief cannot be considered by this court.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED APRIL 3, 1989.

*Floyd W. Keeble, Jr.*, for appellant.

*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney*, for appellee.