## A89A1189. MAPP v. THE STATE.
### (382 SE2d 618)

DEEN, Presiding Judge.

James Edward Mapp was convicted of two counts of simple assault upon his wife, Laura.

1. On appeal his attorney has filed a motion to withdraw as counsel, a brief, and an enumeration of errors pursuant to the requirements of *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), and *Bethay v. State*, 237 Ga. 625, 626 (229 SE2d 406) (1976).

Counsel's motion is denied. Pursuant to the holding in *Fields v. State*, 189 Ga. App. 532 (376 SE2d 912) (1988), this court no longer entertains *Anders* motions. We will therefore address the enumerations of error raised by counsel.

2. The court below did not err in failing to advise Laura Mapp of the marital privilege. OCGA § 24-9-23 provides that one spouse is competent to testify against the other, but the State cannot compel this testimony. The privilege of refusing to testify belongs to the witness and not to the accused. *James v. State*, 223 Ga. 677, 683 (157 SE2d 471) (1967). When the witness voluntarily takes the stand and testifies, it is presumed that this act is done pursuant to a waiver of the privilege. *Wiley v. State*, 150 Ga. App. 607, 608 (258 SE2d 286) (1979).

3. Appellant further asserts as error the trial court's charge of the whole of OCGA § 16-5-21 (2), which defines the manner in which aggravated assault can be committed. He claims that the court should have given the jury limiting instructions because he was indicted on two counts of aggravated assault with a deadly weapon.

It is usually not reversible error for the trial court to charge an entire Code section even though a part of the charge may be inapplicable under the facts in evidence. *Smith v. State*, 178 Ga. App. 19, 20 (341 SE2d 901) (1986). Appellant has not shown that he sustained any harm because this charge was given. See *Durham v. State*, 179

Ga. App. 636 (347 SE2d 293) (1986). Indeed, he was convicted of the lesser included offense of simple assault on both counts.

4. In view of the fact that this appeal was filed with an *Anders* motion attached, we have made an independent review of the transcript and proceedings below and find no error. A rational trier of fact was authorized by the evidence adduced at trial to find Mapp guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Appellant has filed a pro se brief and enumeration of errors. Under our holding in *Seagraves v. State*, 191 Ga. App. 207 (381 SE2d 583) (1989), and the Supreme Court's holding in *Seagraves v. State*, 259 Ga. 36 (376 SE2d 670) (1989), Mapp does not have a right to make a pro se appearance in this court while represented by counsel.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 4, 1989 —
REHEARING DENIED MAY 22, 1989 — 

*John J. Martin, Jr.*, for appellant.
*Robert F. Mumford, District Attorney, Cheryl F. Custer, Assistant District Attorney*, for appellee.