A01A1916. SMITH v. THE STATE.
(561 SE2d 232)

PHIPPS, Judge.

Michael Smith was convicted of aggravated assault, terroristic threats, family violence battery, simple battery and possession of a firearm by a convicted felon. The charges stemmed from physical altercations with his girlfriend, Donna Hayward. On appeal, Smith claims that the trial court erred by allowing Hayward to testify without conducting a hearing to determine if she was his common-law wife and by denying his motion to suppress and allowing the State to introduce audio recordings of conversations between him and Hayward that occurred while he was detained in the DeKalb County Jail. We find no error by the trial court and thus affirm.

1. During the State's examination of Hayward, Smith's counsel moved to suppress her testimony as being privileged because she claimed to be Smith's common-law wife. The trial court denied the

[24] 194 Ga. App. 249 (390 SE2d 89) (1990).
[25] Id. at 251 (2).

motion because Hayward had not invoked the marital privilege.[1] The court stated that if she had invoked the privilege, it might prompt an inquiry into whether a common-law marriage existed. Smith claims that the court erred by failing to conduct a hearing on the existence of a common-law marriage.

Although the parties dispute whether Hayward was aware of the existence of the marital privilege, which provides that she cannot be compelled to testify against her spouse,[2] the court had no obligation to inform her of the privilege.[3] The privilege of refusing to testify belongs to the witness and not to the defendant.[4] Where a spouse takes the stand and testifies voluntarily, it is presumed that she has waived the marital privilege.[5]

Because Hayward took the stand and testified voluntarily, we must assume that she waived any privilege afforded her as a result of her relationship with Smith. Thus, it was not necessary to conduct a hearing or otherwise receive evidence on the existence of a common-law marriage.

2. Smith claims that the trial court erred by denying his motion to suppress audio recordings of conversations between him and Hayward while he was detained at the DeKalb County Jail. He argues that the recordings were made in violation of OCGA § 16-11-62, that they were not promptly disclosed as required by OCGA § 16-11-64 (b) (7) and that the State failed to present evidence that they were protected from tampering or monitoring.

(a) OCGA § 16-11-62 (4) prohibits any person from intentionally and secretly intercepting a telephone call by use of any device, instrument or apparatus. OCGA § 16-11-66 (a) provides an exception to OCGA § 16-11-62 that allows such an interception where one of the parties to the communication has given prior consent. Here, the State argues that Smith's consent can be implied because he knew that his telephone calls were subject to being monitored and recorded. Although Smith concedes that he understood that his telephone calls were subject to being monitored, he argues that he thought the monitoring was solely for institutional security purposes and that he did not consent to having his conversations recorded.

Although there is no Georgia authority on the issue of whether and when an inmate has given implied consent to have his telephone calls recorded, several federal courts have addressed it under 18 USC

[1] OCGA § 24-9-23.

[2] Id.

[3] *Mapp v. State*, 191 Ga. App. 622 (2) (382 SE2d 618) (1989); *Wiley v. State*, 150 Ga. App. 607, 608 (1) (258 SE2d 286) (1979).

[4] Id.

[5] Id.

§ 2511 (2) (c) (the federal equivalent of OCGA § 16-11-66). In the federal cases, whether an inmate's consent can be implied depends on his knowledge of the possibility that his calls may be recorded. The fact that a defendant is in custody and knows or should know that the facility where he is detained has a common practice of monitoring inmates' telephone calls is not enough to establish implied consent.[6] Implied consent has been found where (1) an inmate attended a lecture discussing the facility's monitoring and taping system, (2) the inmate received a handbook describing the system and (3) notices were posted on or near the telephones explaining that use of the telephone constituted consent to having the caller's conversation monitored.[7] Implied consent has also been found where only (1) and (3) were present,[8] where only (2) and (3) were present[9] and where (2) and (3) were present and the inmate signed a form containing a warning that telephone calls were subject to monitoring and taping.[10]

We find the federal cases on this issue persuasive and agree that consent can be inferred under certain circumstances. Here, the prosecuting attorney apprised the court of three procedures used at the DeKalb County Jail to inform inmates that their calls are subject to being recorded: (1) a manual, which is distributed at booking, containing a notice that all telephone calls are subject to being recorded; (2) notices placed near each telephone stating that telephone calls are subject to being recorded and (3) a recorded message played before the telephone call begins, telling the inmate and the person receiving the call that the conversation is subject to being recorded. But the State introduced no evidence of the actual procedures. At the motion for new trial hearing, Smith denied receiving a manual and denied that any notices were posted near the telephones. But he admitted that a recording played after he dialed the telephone number and informed him that the call was subject to being monitored and recorded and that by using the telephone, he was giving his consent. We find this admission sufficient to constitute implied consent to the monitoring and recording of his telephone calls while he was detained at the DeKalb County Jail.

(b) Smith claims that the existence of the recordings was not promptly disclosed as required by OCGA § 16-11-64 (b) (7).

---

[6] *Campiti v. Walonis*, 611 F2d 387, 393 (1st Cir. 1979); *Crooker v. U. S. Dept. of Justice*, 497 FSupp. 500, 502-503 (D. Conn. 1980).

[7] *United States v. Amen*, 831 F2d 373, 379 (2nd Cir. 1987).

[8] *United States v. Willoughby*, 860 F2d 15, 19-20 (2nd Cir. 1988).

[9] *United States v. Workman*, 80 F3d 688, 693 (2nd Cir. 1996) (notice above telephone told inmates only that telephone conversations were subject to electronic monitoring).

[10] *United States v. Van Poyck*, 77 F3d 285, 291-292 (9th Cir. 1996); *United States v. Noriega*, 764 FSupp. 1480, 1491 (S.D. Fla. 1991); *United States v. Lombardo*, 1999 U. S. Dist. LEXIS 7078, at *18 (S.D. N.Y. 1999).

By its terms, OCGA § 16-11-64 (b) (7) relates only to the disclosure of evidence of intercepted conversations obtained through a warrant, not to the disclosure of those obtained by virtue of the consent of one party to the conversation as provided for in OCGA § 16-11-66. We determined in Division 2 (a) that the conversations at issue were obtained under OCGA § 16-11-66. Thus, the disclosure requirements of OCGA § 16-11-64 (b) (7) were not applicable.[11] Moreover, before the trial began, Smith's counsel acknowledged that he had been given the recordings and had been reviewing them.

(c) Smith claims that the State failed to present evidence that the recordings were protected from tampering or monitoring as required by *King v. State*,[12] which involved the failure to seal tape recordings of telephone conversations obtained through a wiretap order as required by 18 USC § 2518 (8) (a).

Section 2518 sets forth procedures for a law enforcement officer to obtain an order authorizing the interception of wire, oral or electronic communications. Subsection (8) (a) provides that when the wiretap order expires, the recordings of any intercepted communications shall be given to the judge issuing the order and sealed under his directions. The presence of the seal is required before the recordings can be used or disclosed. By its terms, 18 USC § 2518 (8) (a) requires the sealing of recordings obtained through a wiretap order, not those obtained by virtue of the consent of one party to the conversation. We determined in Division 2 (a) that the conversations at issue were obtained pursuant to Smith's implied consent. Thus, the sealing requirements of 18 USC § 2518 (8) (a) were not applicable.[13] Moreover, Hayward testified that she had listened to some of the recordings and that they were fair and accurate recordings of her conversations with Smith.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MARCH 4, 2002.

*Robert J. Storms*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Gregory K. Schwarz, Assistant District Attorneys*, for appellee.

---

[11] *Luck v. State*, 163 Ga. App. 657, 660 (3) (295 SE2d 584) (1982).
[12] 262 Ga. 147 (414 SE2d 206) (1992).
[13] See *Luck*, supra.