[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2010
JOHN LEY
CLERK

No. 10-11016
Non-Argument Calendar

_____

D. C. Docket No. 1:08-cv-02579-RWS

ANNIE WILLIAMS,

Plaintiff-Appellant,

versus

ADRIENNE TAYLOR-LEE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 28, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Annie Williams ("Williams") appeals the district court's grant of

summary judgment on the basis of qualified immunity in favor of Defendant Adrienne Taylor-Lee ("Taylor-Lee") on her 42 U.S.C. § 1983 claim. On appeal, Williams argues that the district court erred by: (1) concluding that arguable probable cause existed for her arrest for making terroristic threats, in violation of O.C.G.A. § 16-11-37; and (2) failing to determine whether arguable probable cause existed for her arrest for aggravated assault, in violation of O.C.G.A. § 16-5-21. For the reasons set forth below, we affirm.

We review the district court's grant of summary judgment based on qualified immunity de novo. Case v. Eslinger, 555 F.3d 1317, 1324-25 (11th Cir. 2009). Summary judgment is appropriate if the evidence establishes "'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Fed. R. Civ. P. 56(c)). "The evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant." Id.

Williams first contends that the district court erred in concluding that arguable probable cause existed for her arrest for making terroristic threats. "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Case, 555 F.3d at 1327

2

(internal quotation marks omitted). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002) (internal quotation marks omitted). Probable cause does not require the same "standard of conclusiveness and probability as the facts necessary to support a conviction." Id. (internal quotation marks omitted). Even in the absence of probable cause, however, "an officer is still entitled to qualified immunity if arguable probable cause existed." Case, 555 F.3d at 1327. "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest." Lee, 284 F.3d at 1195 (brackets and internal quotation marks omitted). "Arguable probable cause does not require an arresting officer to prove every element of a crime or to obtain a confession before making an arrest, which would negate the concept of probable cause and transform arresting officers into prosecutors." Id. (internal quotation marks omitted).

Taylor-Lee had arguable probable cause to believe that Williams was guilty of making a terroristic threat. "A person commits the offense of a terroristic threat

3

when he or she threatens to commit any crime of violence . . . with the purpose of terrorizing another . . . or in reckless disregard of the risk of causing such terror . . . ." O.C.G.A. § 16-11-37. At the time she sought the warrant for Williams' arrest, Taylor-Lee had been given an account of the incident by the victim, Jeremy Finney, which included details of the alleged threatening statements and actions of Williams and her son at the scene of the incident. Finney also gave Taylor-Lee a description of Williams and her son. Taylor-Lee then traveled to the location where Finney indicated that Williams could be found and found a woman matching the description given by Finney.

Williams argues that Taylor-Lee's characterization of Williams' statement – that her son would not shoot Finney if he released the car – is different than the statement contained in the incident report – that "her son wasn't going to shoot [Finney], he just want[s] the car back." The statement in the incident report is ambiguous. But under the circumstances, one reasonable interpretation of the statement in the incident report is the one that Taylor-Lee adopted – that Williams' son was not going to shoot Finney as long as he released the car. Because the statement can be plausibly interpreted as a threat to commit a crime of violence, Taylor-Lee had arguable probable cause to believe that Williams was guilty of making a terroristic threat.

4

Williams also argues that there was a lack of arguable probable cause because Taylor-Lee had no corroborative evidence of the threat. O.C.G.A. § 16-11-37 provides that: "No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." That, however, is an evidentiary requirement. It does not change the elements of the offense. Taylor-Lee had arguable probable cause to believe that Williams' conduct satisfied the elements of a violation of O.C.G.A. § 16-11-37. Even assuming there was a lack of corroborative evidence at the time, that would not negate the arguable probable cause that existed.[1]

Finally, Williams contends that the district court erred by failing to determine whether arguable probable cause existed for her arrest for aggravated assault, in violation of O.C.G.A. § 16-5-21. We disagree. "'When an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest.'" Lee, 284 F.3d 1188, 1196 (11th Cir. 2002) (quoting United States v.

---

[1] We also note that the corroborative evidence requirement is not a stringent one. See Geter v. State, 300 Ga. App. 396, 398, 685 S.E.2d 342, 344 (Ga. Ct. App. 2009) ("Slight circumstances may provide sufficient corroborating evidence. The quantum of corroboration need not in itself be sufficient evidence, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged.").

<u>Saunders</u>, 476 F.2d 5, 7 (5th Cir. 1973)) (alteration omitted). Because arguable probable cause supported Williams' arrest for a violation of O.C.G.A. § 16-11-37, it is immaterial whether arguable probable cause also existed for her arrest for a violation of O.C.G.A. § 16-5-21.

For the foregoing reasons, the district court's judgment is affirmed.

AFFIRMED.[2]

---

[2]    Appellant's request for oral argument is DENIED.