**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 11, 2015**

# In the Court of Appeals of Georgia

A14A2347. HAJI v. THE STATE.

MCFADDEN, Judge.

We granted discretionary review of the trial court's order revoking Terrell Haji's probation. Haji argues that the revocation order should be reversed because the order did not state the basis for the revocation, the trial court based the revocation on a ground not alleged in the revocation petition, and the evidence did not authorize revocation. The record makes clear, however, that the trial court based the revocation on his finding, by a preponderance of the evidence, that while on probation Haji committed the offense of cruelty to children, a ground alleged in the revocation petition. Because the evidence supported that finding, we find no error and affirm.

1. *Facts and procedural history.*

In 2007, Haji pleaded guilty to several counts of operating a chop shop and theft by receiving, and he received a probated ten-year sentence. One of the terms of his probation was that he not violate any criminal laws. On August 27, 2013, the state petitioned the trial court to revoke Haji's probation, alleging that he had committed several criminal offenses, including cruelty to children.

After a hearing on the revocation petition at which the trial court found by a preponderance of the evidence that Haji had committed the offense of cruelty to children, the trial court entered an order revoking Haji's probation and requiring him to serve two years in confinement. Haji obtained discretionary appellate review of this ruling.

2. *Basis for revocation.*

Haji argues that the trial court did not state in his written order the basis for the revocation. See generally *State v. Brinson*, 248 Ga. 380, 380-381 (1) (283 SE2d 463) (1981) (discussing requirement that factfinder provide a written statement of reasons for revoking probation). He also argues that the trial court revoked his probation for a reason not alleged in the revocation petition. See *Dillard v. State*, 319 Ga. App. 299, 300 (735 SE2d 297) (2012) (judgment based upon offense not charged in petition for

revocation must be reversed); *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980) (same). Neither argument has merit.

The trial court did not specify the basis for revocation in his written order. But "[w]e are not constrained to read the revocation order in isolation. 'From the record, both the defendant and the appellate court can ascertain the basis for revocation of the defendant's probation.'" *Henderson v. State*, 167 Ga. App. 808, 809 (1) (307 SE2d 704) (1983) (quoting *Brinson*, supra, 148 Ga. at 381 (1)). At the revocation hearing, the trial court expressly found that Haji was in violation of his probation because he committed the offense of cruelty to children, which was one of the grounds for revocation alleged in the petition. The transcript of this hearing is sufficient written record for us to determine the ground upon which the trial court revoked Haji's probation. *Smallwood v. State*, 163 Ga. App. 140, 141 (1) (293 SE2d 15) (1982).

3. *Sufficiency of the evidence to authorize revocation.*

Haji claims that the evidence was insufficient to support the state's claim that he violated a condition of his probated sentence by committing a crime while he was on probation.

> Pursuant to OCGA § 42-8-34.1 (b), a court may revoke any part of a probated sentence if the evidence produced at the revocation hearing

3

establishes a violation of the conditions of probation by a preponderance of the evidence. This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court.

*Geter v. State*, 300 Ga. App. 396 (685 SE2d 342) (2009) (citation and punctuation omitted). "Accordingly, if admissible evidence is presented in support of the allegations regarding revocation of probation, this [c]ourt will affirm." *Brown v. State*, 294 Ga. App. 1, 3 (2) (668 SE2d 490) (2008) (citation and punctuation omitted).

As discussed above, the trial court found by a preponderance of the evidence that Haji had committed the offense of cruelty to children. That offense is committed, among other ways, when a person "maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-5-70 (b). The record contains admissible evidence supporting the allegation that Haji committed this offense.

Pertinently, evidence presented at the revocation hearing showed that, when Haji's daughter T. H. was four and five years old, Haji frequently disciplined her by whipping her arms and back with a belt or stick and then locking her in a dark closet for up to ten minutes. This occurred over 30 times. T. H. was afraid of the dark and

4

she would beat on the closet door and scream and cry to be released from the closet. When, moved by the girl's distress, other family members tried to release her from the closet, Haji would prevent them from doing so by yelling at them, blocking the closet door, and hitting them or shoving them away.

When T. H. was six, Haji and T. H.'s mother became involved in a dispute over her custody, and T. H. learned that she was going to have to spend time with Haji pursuant to a court order. T. H. had a "full-blown panic attack" upon learning this. Two days before Haji's visitation was due to begin, T. H. went into a closet and attempted to hang herself with a belt. When her mother found her, T. H. told her mother that "she just wanted to go with God, she didn't want her daddy to hurt her no more." At the probation revocation hearing, T. H. testified that she put the belt around her neck because she was scared of Haji. T. H.'s mother took her to a children's hospital. There, social workers called for T. H. to have an "urgent psychiatric evaluation" and she was questioned outside her mother's presence. Based on that evaluation, T. H. was admitted to a psychiatric hospital where she spent five days in treatment.

In light of that evidence, whether T. H. experienced cruel or excessive pain, whether that pain was maliciously caused by Haji, and whether Haji's acts fell within

the realm of reasonable discipline, see OCGA § 16-3-20 (3) (permitting reasonable parental discipline to be claimed as defense to prosecution for any crime based on that conduct), were questions for the factfinder. See *Tabb v. State*, 313 Ga. App. 852, 855 (1) (723 SE2d 295) (2012) (criminal intent with regard to crime of cruelty to children may be inferred from conduct before, during and after crime); *Sims v. State*, 234 Ga. App. 678, 679-680 (1) (a) (597 SE2d 845) (1998) (law does not set bright line definition of what constitutes "cruel" or "excessive" pain but leaves that determination to factfinder); *Hopkins v. State*, 209 Ga. App. 376, 377 (1) (434 SE2d 74) (1993) (rejecting defendant's argument that evidence of cruelty to children was insufficient because his actions fell within "normal discipline," holding that this argument "fail[ed] to take into account that the determination of what is cruel or excessive physical or mental pain is to be made by the jury") (citations omitted); *Allen v. State*, 174 Ga. App. 206, 208 (3) (329 SE2d 586) (1985) (implicit in definition of crime of cruelty to children is element of unreasonableness); *McGahee v. State*, 170 Ga. App. 227, 227-228 (1), (2) (316 SE2d 832) (1984) (finding evidence sufficient to support defendant's conviction for cruelty to children despite her claim that she did not intend to hurt child whom she was punishing, and noting that intention with which act is done was peculiarly a jury question and that deliberate

6

intent and malice may be shown from consequences of defendant's act). Although on appeal Haji challenges the credibility of several of the hearing witnesses, "[i]n a probation revocation, issues of witness credibility are reserved for the [trial] court." *Boatner v. State*, 312 Ga. App. 147, 150 (3) (717 SE2d 727) (2011).

The evidence recited above authorized the trial court to find by a preponderance of the evidence that Haji committed the offense of cruelty to children by maliciously causing T. H. cruel or excessive physical or mental pain. The trial court did not err in revoking Haji's probation.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.